MEMORANDUM *
John Openshaw entered into an Operating Agreement (“Agreement”) with FedEx Ground Package System, Inc. (“FedEx”). After FedEx terminated the Agreement, Openshaw sued FedEx for breaching the Agreement and breaching the implied covenant of good faith and fair dealing. The claims went to a jury. The jury was unable to reach a verdict on the breach of contract claim. However, the jury awarded Openshaw damages on the claim of breach of implied covenant of good faith and fair dealing. FedEx now appeals the district court’s denial of FedEx’s Rule 50(b) motion for judgment notwithstanding the verdict, FedEx’s Rule 59 motion for remittitur or new trial on damages, and FedEx’s motion to exclude Openshaw’s expert from testifying about Openshaw’s damages. FedEx abandoned any argument that it was entitled to a full new trial because of legal error, and we will not manufacture such a claim here. On appeal, we review the district court’s denial of the Rule 50(b) motion de novo, Josephs v. Pacific Bell, 443 F.3d 1050, 1062 (9th *687 Cir.2006), and reverse and remand with instructions to enter judgment for FedEx.
Openshaw argued that FedEx breached the implied covenant of good faith and fair dealing by (1) allowing a driver to be hired away from Openshaw with no notice; (2) not “flexing” (re-directing to other contractors) packages away from Openshaw or reconfiguring his routes; (3) terminating Openshaw without any notice and with the intent to deprive him of the opportunity to sell his routes; (4) unfairly criticizing Openshaw’s performance; (5) not offering Openshaw a spare truck when he needed it; (6) not telling Openshaw about a spare driver when he needed one; (7) not telling Openshaw in advance how many packages he would have to deliver even though FedEx had that information; (8) interfering with Openshaw’s ability to hire quickly a driver; and (9) renting Openshaw scanners which regularly broke. The district court also held that the jury could have found that FedEx had breached the covenant of good faith and fair dealing by failing to reconfigure Openshaw’s service area. Openshaw cannot prevail on any of these claims.
Under California law, “[ejvery contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.” Foley v. Interactive Data Corp., 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373, 389 (1988) (internal quotation marks omitted). The implied covenant of good faith and fair dealing is that neither party will do anything that will injure the right of the other to receive the benefits of the agreement. See Waller v. Truck Ins. Exch., 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 639 (1995). The covenant “cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.” Guz v. Bechtel Nat. Inc., 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1110 (2000).
First, Openshaw admits that another competing contractor, not FedEx, hired the driver away from Openshaw, and there is no evidence that FedEx fomented the contractor to hire the driver. Thus, we need not decide whether such action would support a claim for breach of the implied covenant of good faith and fair dealing.
Further, the Agreement explicitly gave FedEx discretion about whether to “flex” packages away from contractors, reconfigure contractors’ routes, and when it could, terminate Openshaw for cause.[1] Because the Agreement explicitly gave FedEx discretion over whether or when to act, FedEx did not breach its covenant of good faith and fair dealing by exercising that discretion. See Brandt v. Lockheed Missiles & Space Co., 154 Cal.App.3d 1124, 201 Cal.Rptr. 746, 749 (1984); Carma Developers (Cal.), Inc. v. Marathon Dev. California, Inc., 2 Cal.4th 342, 6 Cal.Rptr.2d 467, 826 P.2d 710, 729 (1992) (“[ajcts in accord with the terms of one’s contract cannot without more be equated with bad faith.”) (quoting Balfour, Guthrie & Co., Ltd. v. Gourmet Farms, 108 Cal.App.3d 181, 166 Cal.Rptr. 422, 428 (1980)). Open-shaw’s argument that the explicit discretion in the text of the Agreement was limited by FedEx’s internal operating *688 memoranda fails because the Agreement had an enforceable integration clause.
Openshaw’s other arguments, that FedEx breached the implied covenant of good faith and fair dealing by unfairly criticizing his performance, not offering Openshaw a spare truck when he needed it, not telling Openshaw about a spare driver when he needed one, and not telling Openshaw in advance how many packages he would have to deliver, also fail. The covenant of good faith and fair dealing protects against one party interfering with another party’s contract rights; it does not obligate a party to help another party perform that other’s contract obligations. Moreover, the Agreement explicitly obligated Openshaw to provide trucks and drivers and to operate at a national standard. A good faith and fair dealing obligation cannot be read into the Agreement to impose a substantive duty on FedEx to help Openshaw provide trucks and drivers or to meet delivery standards because that obligation was placed solely on Openshaw by the specific terms of the Agreement. Guz, 100 Cal.Rptr.2d 352, 8 P.3d at 1110.
Similarly, when the Agreement required FedEx to process Openshaw’s drivers and required background checks and training as to each driver, FedEx could not have breached the implied covenant of good faith and fair dealing by refusing to waive these Agreement requirements, regardless of Openshaw’s needs. The Agreement gave FedEx the right to such checks and training. Further, even though Openshaw testified that the processing of one of his drivers was delayed, the evidence showed Openshaw knew that the background checks were delayed because the background check company was closed and not through the fault of FedEx.
Finally, although Openshaw testified that the scanners were sometimes faulty, he never proffered any evidence that FedEx knew the scanners were faulty when it issued them to Openshaw or that FedEx refused to replace the scanners. Merely unknowingly providing equipment that turns out not to work properly, and then replacing it, is not a breach of the covenant of good faith and fair dealing. See Waller, 44 Cal.Rptr.2d 370, 900 P.2d at 639.
Because we find that judgment should have been entered for FedEx, we need not consider whether the district court erred in denying FedEx’s motion for remittitur or a new trial on the issue of damages, or whether it was an abuse of discretion to allow the expert’s testimony.
The district court’s denial of FedEx’s Rule 50(b) motion is REVERSED and this case is REMANDED with instructions to enter judgment for FedEx.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. While Openshaw presented emails from FedEx managers that evidenced that FedEx wanted to terminate the Agreement before Openshaw could assign his interests in the Agreement, whether FedEx breached the implied covenant of good faith and fair dealing does not depend on whether FedEx’s actions were dishonest. Carma, 6 Cal.Rptr.2d 467, 826 P.2d at 727. What prevents a claim on the implied covenant is that the Agreement explicitly allowed termination for cause. If there were cause, then it is irrelevant whether termination also was motivated by a secondary result.